### FISCHER *v.* O'SHAUGHNESSEY and another.

(*Circuit Court, S. D. New York.* January 26, 1881.)

1. JOINT INFRINGEMENT—PLEADING.
   The objection that a bill does not allege an infringement by the defendants jointly should be taken by demurrer.

2. LETTERS PATENT No. 74,068, granted to Valentine Fischer, February 4, 1868, for an "improvement in machine for forming sheet-metal mouldings," are shown to be infringed, as to the fourth claim, by the evidence in this case.—[ED.

In Equity. Suit for Infringement.

*Charles F. Blake,* for plaintiff.

*James H. Whitelegge,* for defendants.

BLATCHFORD, C. J. All material questions involved in this case are covered by the decisions in the cases of the same plaintiff against Hayes and Neil, except the question of infringement. The bill contains the same allegation on that point as in the case against Neil. Mr. Abbott testifies that he saw at the defendants' shop, on the nineteenth of June, 1879, which was four days before the bill was sworn to, and five days before it was filed, a machine for bending sheet metal, of which he produces a drawing. He also describes the construction and mode of operation of the machine and the dies he so saw. It is clear that, to make or use such a machine in the way described, to bend sheet metal, infringes the fourth claim of the plaintiff's patent. Mr. Abbott says that, at the time of his said visit, he saw the defendant O'Shaughnessey in person, and that he admitted to him (Mr. Abbott) "that he had used the said machine as I have described whenever necessary, since he had owned it for forming cornice and similar work." Neither of the defendants is sworn, nor is any witness produced to show that Mr. Abbott's drawing or description is incorrect, or that the machine was not used by the defendants, or that the defendants had more than one machine. The answer states that the defendants are "advised that their machine does not conflict with that described in said letters patent of complainant." It also denies that the plaintiff has ever had any just right, by virtue

of any patent, in "the machine" used or operated by the defendants. On all this there is shown a use by the defendants of the machine seen and described by Mr. Abbott. Taking the whole bill together, it must be held to aver a user since the plaintiff's patent was granted, and the proof and the answer must be held to apply to such a case. The proof of user is sufficient without the admission of Mr. O'Shaughnessey, and without reference to the point taken that no admission by him binds Simpson.

As to the point that the bill does not allege an infringement by the defendants jointly, if it does not, the objection should have been taken by demurrer; if it does, the proof and the answer make out a joint infringement.

There must be the usual decree for the plaintiff as to the fourth claim of the patent.

---

## THE S. SHAW.*

*(District Court, E. D. Pennsylvania. January 14, 1881.)*

1. ADMIRALTY—COLLISION—ANCHORING IN MID-CHANNEL AND IN RANGE OF LIGHTS.—A bark proceeding down the Delaware river anchored at sundown in mid-channel, and in range of the government lights. A tug following her, with a schooner in tow, did not observe that she was at anchor until too late to prevent a collision by which the bark was injured. *Held,* that the act of the bark in anchoring where she did tended to produce the collision, and that she was, therefore, in fault.

2. SAME—ADMISSION OF LIABILITY—FROM WHAT CIRCUMSTANCES IMPLIED—AGREEMENT TO ARBITRATE.—The testimony left it doubtful whether the tug should have observed the bark earlier, but it appearing that the owner of the tug had offered to pay for the cost of repairs to the bark without damages for detention, which offer was refused, and had then signed an agreement to refer to arbitrators "the amount to be paid," which agreement was afterwards abandoned because he claimed the right to call witnesses as to the cause of the collision, *held,* that this amounted to an admission of some fault in the tug, and the damages should be, therefore, equally divided between the bark and the tug.

*Reported by Frank P. Pritchard, Esq., of the Philadelphia bar.